UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVARO CHAVEZ,           )<br>                                          )<br>         Petitioner,              )<br>                                          )<br>     v.                                  )<br>                                          )<br>UNITED STATES OF AMERICA,  )<br>                                          )<br>         Respondent.          )<br>_____) | CASE NO.   C07-566-MJP-JPD<br>                      (CR89-83WD)<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner Alvaro Chavez is a federal prisoner currently in custody at the Federal Corrections Institution in Butner, North Carolina. On April 2, 2007, petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) ("60(b) motion"), purporting to challenge the judgment entered by the Court against him in 1992 in *United States v. Chavez*, Case No. CR89-83WD. (Dkt. #1). The 60(b) motion was referred to the undersigned United States Magistrate Judge on April 19, 2007. (Dkt. #4). Having reviewed the motion and the balance of the record, the court recommends that petitioner's motion be construed as a successive § 2255 motion and be transferred to the Ninth Circuit Court of Appeals for a determination as to whether it may proceed. *See* 28 U.S.C. §§ 2244(b), 2255; Circuit Rule 22-3(a).

## DISCUSSION

Petitioner was convicted in 1992 on drug trafficking charges and was sentenced to 324

REPORT AND RECOMMENDATION
PAGE 1

months in prison. (Dkt. #146 in Case No. CR89-83-WD). His sentence was upheld on appeal. *See United States v. Chavez*, 15 F. 3d 1090 (9th Cir. 1993) (unpublished disposition). He has also brought several collateral challenges to his sentence, including a motion pursuant to 28 U.S.C. § 2255, all of which have been denied. *See Chavez v. United States*, C95-1578WD and cases listed at *Chavez v. United States*, Case No. C02-0981P, Dkt. # 3. As petitioner has previously filed a § 2255 motion that was addressed on the merits, any successive motions cannot be considered here absent authorization from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A); 2255.

Although his 60(b) motion is difficult to decipher, petitioner appears to contend that his sentence is invalid on several grounds: First, he claims that the sentence violates the Double Jeopardy Clause because the District Court imposed concurrent sentences under 21 U.S.C. § 846 and § 848. (Dkt. #1 at 7). Second, petitioner argues that his sentence is invalid because he was not sentenced under the law in effect at the time of commission of his offense. (Dkt. #1 at 8). Finally, notwithstanding the fact that petitioner is challenging his sentence on these grounds, petitioner argues that his 60(b) motion should not be construed as a successive § 2255 motion. (Dkt. #1 at 1). He asserts that a 60(b) motion is the proper vehicle for him to raise these challenges, and denies that he is attempting to circumvent the restrictions that Congress has placed on successive § 2255 motions. *See* 28 U.S.C. § 2244(b).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court decided a case which presented similar facts to the case at bar. The question presented in *Gonzalez* was "whether, in a habeas case, [Rule 60(b)] motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." 545 U.S. at 526. If a habeas petition, or a § 2255 motion, is successive, then it must meet the requirements set forth in 28 U.S.C. § 2244(b), and be precertified by the appropriate court of appeals as falling within an exception to the successive-petition bar. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255; Circuit Rule 22-3(a).

The Supreme Court concluded in *Gonzalez* that whether a 60(b) motion should be construed

REPORT AND RECOMMENDATION
PAGE 2

as a successive habeas petition depends on whether the motion "attacks the federal court's previous resolution of a claim *on the merits*. . . ." 545 U.S. at 532 (emphasis in original). If it does, then the motion should be treated as a successive habeas petition. *Id.* If, on the other hand, the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion should be viewed as a 60(b) motion. *Id.* at 532. *See also Butz v. Mendoza-Powers*, 474 F.3d 1193, 1194 (9th Cir. 2007).

Applying the principles articulated in *Gonzalez* to the present case,[1] the court concludes that petitioner's 60(b) motion attempts to advance claims that relate to the merits of his conviction, rather than challenging a defect in the previous proceedings. To allow petitioner's claims to proceed as a Rule 60(b) motion "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.*, *citing* 28 U.S.C. § 2244(b)(3). Circuit Rule 22-3(a) provides that when, as here, a successive petition "is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Accordingly, petitioner's 60(b) motion should be construed as a successive § 2255 motion and transferred to the Ninth Circuit.

## CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's 60(b) motion be transferred to the Ninth Circuit for a determination as to whether it may proceed as a successive motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255; Circuit Rule 22-3(a). A proposed Order reflecting this recommendation is attached.

DATED this 14th day of May, 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Although *Crosby* expressly limited its holding to petitions brought pursuant to 28 U.S.C. § 2254, *id.* at 529 n.3, the Court noted that "§ 2255 is similar to, and refers to, the [same] statutory subsection applicable to second or successive § 2254 petitions." *Id.* Consequently, there appears to be no reason to treat a 60(b) motion in a § 2255 case differently than a 60(b) motion in a § 2254 case.