UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALVARO CHAVEZ,

        Petitioner,

  v.

UNITED STATES OF AMERICA,

        Defendant.

No. C07-566MJP
(CR89-83WD)

ORDER TRANSFERRING § 2255
MOTION TO COURT OF APPEALS

      This matter comes before the Court on a report and recommendation by the Honorable James P. Donohue, United States Magistrate Judge, on Petitioner's "Motion for Relief Pursuant to Fed. Rules of Civ. Proc., Rule 60(b)(4)." (Dkt. No. 5). Petitioner has filed objections to the report and recommendation. (Dkt. No. 7). Having reviewed the report and recommendation, Petitioner's objections, and the balance of the record, the Court finds and ORDERS as follows:

      (1)    The Court ADOPTS the report and recommendation. Petitioner's motion seeks relief from a judgment entered in his criminal case in 1992. The Court agrees with Judge Donohue's recommendation that the pending motion should be construed as a successive motion for relief under 28 U.S.C. § 2255 and should be transferred to the Ninth Circuit for review pursuant to 28 U.S.C. § 2244(b) and Circuit Rule 22-3(a). In his objections, Petitioner maintains that he is not seeking relief under § 2255 and that he is arguing that the 1992 judgment is void, apparently for lack of jurisdiction.

ORDER - 1

1   However, "[t]he fact that [Petitioner] labeled his motion as a request for relief under civil Rule 60(b)
2   rather than section 2255 is immaterial; it is the substance of the petitioner's motion that controls how
3   his request for relief shall be treated."  United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007).
4   Under Section 2255, a federal prisoner may file a motion to have his sentence vacated, set aside, or
5   corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of
6   the Untied States, or that the court was without jurisdiction to impose such sentence, or that the
7   sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."
8   As this is the type of relief that Petitioner is seeking in the pending motion, it is properly treated as a
9   motion under § 2255.

10          (2)     Therefore, Petitioner's Rule 60(b) motion is construed as a successive motion to
11  vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.  So construed, the Clerk shall
12  TRANSFER this matter to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and
13  Circuit Rule 22-3(a).
14          (3)     Petitioner is advised that this transfer alone does not constitute compliance with 28
15  U.S.C. § 2244(b)(3) and Circuit Rule 22-3; he must still file a motion for leave to proceed in the Court
16  of Appeals and make the showing required by 28 U.S.C. § 2244(b).  Petitioner is referred to this
17  statute and Ninth Circuit Rule 22-3 for further information.
18          (4)     The Clerk is directed to send a copy of this order to Petitioner and to the Honorable
19  James P. Donohue.
20          Dated:   June 13, 2007.

                                            s/Marsha J. Pechman
                                            Marsha J. Pechman
                                            United States District Judge

ORDER - 2