UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALVARO CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. C07-566 MJP<br><br>ORDER DENYING MOTION FOR MODIFICATION OF TERM OR IMPRISONMENT |

This matter comes before the Court on Mr. Chavez's motion requesting modification of his term of imprisonment under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. (Dkt. No. 14.) Having reviewed the motion, the Government's response (Dkt. No. 21), Mr. Chavez's reply (Dkt. No. 28), and the balance of the record, the Court DENIES the motion for the following reasons.

Mr. Chavez's motion requests modification of his term of imprisonment under 18 U.S.C.S. § 3582(c)(2), which states:

> The court may not modify a term of imprisonment once it has been imposed except that ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Mr. Chavez argues that Amendment 505 to the sentencing guidelines requires a reduction in his sentence. However, application of the amendment, made retroactive by § 1B1.10(c), does not decrease the Base Offense Level for Mr. Chavez's sentence and therefore has no impact on his guideline range.

ORDER — 1

Amendment 505 altered the Drug Table found at U.S.S.G. § 2D1.1 and lowered the possible Base Offense Level for drug offenses from Level 42 to Level 38. U.S. Sentencing Guidelines Manual, App. C. Amendment 505 (1995). Because Mr. Chavez's Base Offense Level was 36, the amendment does not impact his guideline range.

In his reply, Mr. Chavez admits that his "Base Offense Level was not changed as a result of the drug quantity itself, but for the reason of the leadership role." (Dkt. No. 28 at 1.) During sentencing, the Court enhanced Mr. Chavez's Base Offense Level by four points for his leadership role in the criminal activity. Mr. Chavez now argues that the Court should reconsider that four-point enhancement. Section 3582(c)(2) states that this Court has jurisdiction to modify a term of imprisonment when a sentencing range "has subsequently been lowered." There has been no amendment to the guidelines that retroactively alters the leadership role enhancement applied by this Court. Without such an amendment, the Court has no authority to alter the leadership role enhancement and the Court has no jurisdiction to modify the term of Mr. Chavez's imprisonment.

Because Mr. Chavez's guideline range is unchanged by any amendment, his motion for re-sentencing or reduction of term of imprisonment is DENIED.

The Clerk is directed to send a copy of this order to all counsel of record and mail a copy to Petitioner.

Dated: February 20, 2009.

*[signature]*

Marsha J. Pechman
U.S. District Judge

ORDER — 2